IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| *EX PARTE* APPLICATION OF ) | |
| MAURICIO MOTA FOR AN ORDER TO ) | Misc. No. 19-00369 (MN) |
| TAKE DISCOVERY FOR USE IN ) | |
| FOREIGN PROCEEDINGS PURSUANT ) | |
| TO 28 U.S.C. § 1782. ) | |

## **MEMORANDUM ORDER**

Thomas G. Macauley, Wilmington, DE; William J. Hine, Sevan Ogulluck, & Brian W. Hine, HINE OGULLUCK, New York, NY – attorneys for Petitioner.

January 8, 2020

**NOREIKA, U.S. DISTRICT JUDGE:**

Before the Court are Petitioner Mauricio Mota's ("Petitioner") *Ex Parte* Application for An Order to Take Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 ("the Application") from Colorado Investment Holdings LLC f/k/a Blessed Holdings LLC (Delaware) ("Respondent"), (D.I. 1), and Petitioner's supporting Memorandum of Law, (D.I. 2). For the reasons discussed below, the Court grants-in-part and denies-in-part the Application.

In the Application, Petitioner seeks authorization to issue a subpoena *duces tecum* and a subpoena *ad testificandum* to Respondent to obtain various discovery for use in a "Popular Action" that Petitioner has filed in Brazil's federal court. (D.I. 2 at 1). The Court is authorized to order discovery for use in foreign proceedings under 28 U.S.C. § 1782. The twin aims of that statute are "to provide efficient means of assistance to foreign courts and litigants and encourage other nations to return the favor by providing similar assistance to United States courts." *In Re Application of Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998).

Discovery applications under § 1782 are often granted *ex parte* because, *inter alia*, witnesses and other recipients can "raise[] objections and [otherwise] exercise[] their due process rights by motions to quash." *In Re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976); *see also In Re Application of O'Keefe*, 646 F. App'x 263, 265 (3d Cir. 2016) (upholding denial of motion to quash subpoena issued pursuant to § 1782). The Court, however, must still guard against abuse of the statute. *See In Re Letter of Request from Crown Prosecution Serv. of the United Kingdom*, 870 F.2d 686, 692 (D.C. Cir. 1989); *In Re Intel Corp. Microprocessor Antitrust Litig.*, Civil Action Nos. 05-441-JJF, 05-485-JJF, MDL Docket No. 05-1717-JJF, 2008 WL 4861544, at *7 (D. Del. Nov. 7, 2008) (adopting Special Master Report and Recommendation stating the same).

Section 1782 has three statutory requirements: (1) the person or entity from whom discovery is sought must "reside[]" or be "found" within the district in which the application is filed; (2) the discovery sought must be for "use in a proceeding in a foreign or international tribunal"; and (3) the application must be made by a "foreign or international tribunal or . . . any interested person." 28 U.S.C. § 1782; *see also In Re Application of Gilead Pharmasset LLC*, Misc. Civil Action No. 14-243 (GMS), 2015 WL 1903957, at *2 (D. Del. April 14, 2015).

If the statutory requirements are met, the Court has discretion to grant the moving party's application. *See In Re Application of Gilead Pharmasset LLC*, 2015 WL 1903957, at *2 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)). In doing so, courts typically consider four factors:

> (1) whether the discovery sought is within the foreign tribunal's jurisdictional reach and therefore accessible without aid under § 1782; (2) the nature of the foreign litigation and the foreign jurisdiction's receptivity to court assistance from the United States; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering limits or other policies of the foreign country; and (4) whether the subpoena includes unduly intrusive or overly burdensome requests.

*In Re Application of Global Energy Horizons Corp.*, 647 F. App'x 83, 85 (3d Cir. 2016) (citing *In Re Application of Chevron Corp.*, 633 F.3d 153, 162-64 (3d Cir. 2011); *Intel*, 542 U.S. at 256-61)).

Upon consideration of Petitioner's representations and supporting declarations and documents, the Application meets § 1782's statutory requirements. Additionally, three of the four discretionary factors weigh in favor of granting both subpoenas requested in the Application. The fourth discretionary factor, however, only weighs in favor of granting Petitioner's request for a subpoena *duces tecum*; it weighs heavily against granting Petitioner's request for a subpoena *ad testificandum*.

3

Section 1782 "expressly incorporates the Federal Rules of Civil Procedure and the fourth factor aligns with Rules 26 and 45." *Id.* at 85-86. Thus, assessment of the fourth factor is "virtually identical to the familiar 'overly burdensome' analysis that is integral to the Federal Rules." *Id.* at 86 (citations omitted). Accordingly:

> "courts only allow 'discovery that appears reasonably calculated to lead to the discovery of admissible evidence pursuant to Rule 26. However, discovery is circumscribed by Rule 45, which provides that a 'party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.'"

*Id.* (citations omitted).

Petitioner requests authorization "to obtain evidence from Respondent Blessed LLC pursuant to Rule 45 of the Federal Rules of Civil Procedure relating to issues identified in the Application, including: (i) issuing a subpoena *duces tecum* "in substantially the form attached to" the Application; and (ii) issuing an additional subpoena *ad testificandum* "for taking the deposition of Respondent as [Petitioner] reasonably may deem appropriate and as is consistent with the Federal Rules of Civil Procedure." (D.I. 1, Attachment 1 ¶ 2 (Proposed Order)). Both of these requests seek broad authorization from the Court for Petitioner to pursue discovery from Respondent. The Court will not authorize such blank checks; however, the proposed subpoena *duces tecum* attached to the Application, (D.I. 1, Attachment 2), is sufficiently narrow given the scope of the Brazilian action and Respondent's eventual opportunity to object and/or submit a motion to quash or modify the subpoena, s*ee In Re Application of O'Keefe*, 646 F. App'x at 265. In comparison, Petitioner provides no description, explanation, or example of what the subpoena *ad testificandum* it seeks might entail. Thus, IT IS SO ORDERED that:

1. Petitioner Mauricio Mota's ("Petitioner") *ex parte* application for an order to take discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782 (D.I. 1) is GRANTED-IN-PART and DENIED-IN-PART.

2. Petitioner is authorized, pursuant to 28 U.S.C. § 1782, and Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, to issue the subpoena attached as Attachment 2 to its *Ex Parte* Application (D.I. 1), compelling the production of documents from Respondent.

3. Petitioner's request for authorization pursuant to 28 U.S.C. § 1782, and Rule 45 of the Federal Rules of Civil Procedure, to issue additional or different subpoenas to obtain evidence from Respondent is DENIED. However, Petitioner may submit more tailored requests for further subpoenas, either *ad testificandum* or *duces tecum*, as necessary.

4. The Clerk of Court is directed to CLOSE this case.