# Morris, Nichols, Arsht & Tunnell LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

KENNETH J. NACHBAR
(302) 351-9294
(302) 425-3013 FAX
knachbar@mnat.com

February 4, 2020

<u>VIA ECF</u>

The Honorable Maryellen Noreika
United States District Court
District of Delaware
844 N. King Street Unit 19, Room 4324
Wilmington, DE 19801

Re: *In Re Application of Mauricio Mota,* Case No. 1:19-mc-00369-MN (D. Del.)

Dear Judge Noreika:

We represent Wesley Mendonça Batista, Joesley Mendonça Batista, J&F Investimentos S.A., JBS S.A, and Pinheiros Fundo De Investimento Em Participações (collectively, "Proposed Intervenors"), whose rights and interests are implicated in the above-captioned matter. We write to briefly provide the Court with context on the enclosed stipulation and proposed order, which would permit the Proposed Intervenors to intervene in these proceedings and, provided that the Court agrees to their intervention, would set a briefing schedule on Proposed Intervenors' anticipated motion to vacate this Court's January 8, 2020 order and to quash the subpoena issued. As reflected in the stipulation, applicant Mauricio Mota consents to Proposed Intervenors' intervention in this proceedings as well as the briefing schedule for the Proposed Intervenors' anticipated motion.

For context, Mr. Mota commenced this action on December 27, 2019, and on January 8, 2020, this Court issued an *ex parte* order (the "Order") permitting discovery pursuant to 28 U.S.C. § 1782 from Respondent Colorado Investment Holdings, LLC purportedly in aid of foreign proceedings in Brazil, to which Proposed Intervenors are defendants. ECF 7. The Court granted the application in part, while noting that discovery applications under § 1782 are often granted *ex parte* because witnesses and other recipients may raise objections and exercise their due process rights through motions to quash. *Id.* at 2. Proposed Intervenors seek to intervene in this action to exercise those due process rights by moving to vacate the Order and to quash the subpoena issued to Respondent by bringing to the Court's attention facts and objective evidence that demonstrate that the Applicant's 1782 application fails to meet the required statutory and

discretionary standards. On January 21, 2020, Proposed Intervenors requested the Applicant's consent to their intervention and Applicant consented on January 31, 2020.

Given Applicant's consent, the Proposed Intervenors respectfully request that this Court approve the attached stipulation and proposed order, thereby permitting the Proposed Intervenors' intervention and setting an agreed-upon briefing schedule for the Proposed Intervenors' motion to quash the subpoena and vacate the *ex parte* order. Proposed Intervenors are prepared, if required, to set forth the legal bases for our intervention in more detail,[1] but do not believe such briefing is necessary given the parties' consent. If the Court believes that a submission setting forth the legal basis for intervention will be of assistance, we can provide a short brief on this issue very promptly. We further note that while Respondent has been served and has acknowledged service, Applicant also agreed to stay Respondent's compliance with the subpoena, including filing responses and objections, pending resolution of Proposed Intervenors' anticipated motion.

If Your Honor has any questions, counsel is available at the Court's convenience.

Respectfully submitted,

*/s/ Kenneth J. Nachbar*

Kenneth J. Nachbar (#2067)

*Attorneys for Proposed Intervenors Wesley Mendonça Batista, Joesley Mendonça Batista, J&F Investimentos S.A., JBS S.A, and Pinheiros Fundo De Investimento Em Participações*

cc: Counsel of Record (via CM/ECF)

---

[1] Should the Court require further briefing, Proposed Intervenors would argue that they should be permitted to intervene under Federal Rule of Civil Procedure 24 because they have a direct legal interest in the subject matter of this proceeding, given that Applicant seeks documents concerning them and intends to use the evidence obtained in this proceeding in foreign action against them, and because no other party has appeared, nor does any other party have the same interest in protecting Proposed Intervenors' confidentiality and privilege. Federal courts have routinely granted similar motions to intervene in 28 U.S.C. § 1782 proceedings. *See*, *e.g.*, *In re Republic of Kazakhstan for an Order Directing Discovery from Clyde & Co. LLP Pursuant to 28 U.S.C. § 1782,* 110 F. Supp. 3d 512, 514 (S.D.N.Y. 2015).